**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DAWN WILLIAMS** )<br>)<br>    **Plaintiff,** )<br>)<br>)<br>)<br>**v.** )<br>)<br>)<br>**ACCOUNTABLE HEALTHCARE** )<br>**STAFFING, INC.** )<br>        **Defendant.** **)** | **Case No. 17-cv- 6516**<br><br>**Plaintiff Demands Trial by Jury** |

## COMPLAINT

NOW COMES Plaintiff, DAWN WILLIAMS, by her attorneys LAD LAW GROUP, P.C, and complains as follows against Defendant ACCOUNTABLE HEALTHCARE STAFFING, INC.:

## PARTIES AND JURISDICTION

1. Plaintiff DAWN WILLIAMS is a citizen of the United States of America, and a citizen and resident of Merriville, IN, County of Lake, Indiana.

2. Defendant ACCOUNTABLE HEALTHCARE STAFFING, INC. ("Defendant") is a for-profit corporation, registered as a foreign corporation under the laws of the state of Illinois, with offices located in, and doing business in various counties in Illinois, including Dupage County, Illinois.

3. At all relevant times, Plaintiff was an employee of Defendant as that term is defined in 42 U.S.C. § 12111(4).

1

4.  At all relevant times, Defendant was an employer as defined in 42 U.S.C. § 12111(5)(A).

5.  This is an action for damages for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

6.  This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §1331, and §1343.

## FACTS

7.  Plaintiff began working for Defendant in August, 2014, as a temp surgical technician.

8.  As a temp surgical technician, Plaintiff was assigned to work at various hospitals and medical facilities by Defendant, performing surgical technician work.

9.  Temp surgical technicians are known in the industry to work best in hospitals and medical facilitates where they are familiar with the medical staff they will be assisting, as well as the familiar with the location of the medical supplies they will be utilizing in assisting in surgery.

10. Consequently, Defendant assigned Plaintiff substantive assignments, where she worked for weeks at a time with the same medical staff, at the same location.

11. Plaintiff performed her duties satisfactorily during her assignments. She was not written up or counseled regarding her work performance, and received commendations from the staff she worked with.

12. While working on an assignment at Ms. Sinai Hospital, Plaintiff suffered an injury on the job.

13. As the result of the injury, Plaintiff became a qualified individual with a disability under the Americans with Disabilities Act. She was limited in her ability to walk, in lifting, in and in using her arms. She was unable to drive, and unable to work.

14. Defendant became aware of Plaintiff's limitations, as Plaintiff notified Defendant directly, and submitted statements from her physician requesting that Plaintiff be off work regarding her injuries.

15. On November 3, 2014, Plaintiff notified Defendant that her physician cleared her to return to work, and she requested an assignment.

16. At that time, she had been medically cleared to return to work with no restrictions.

17. Defendant failed to provide Plaintiff with a substantive assignment.

18. Plaintiff continued to request substantive assignments, to no avail. Defendant stopped communicating with Plaintiff all together.

19. Similarly-situated employees who did not have an actual and/or perceived disability were treated more favorably than Plaintiff, as they continued to receive assignments from Defendant.

20. As a result of Defendant's discriminatory behavior, Plaintiff suffered lost wages, and emotional distress.

21. On August 14, 2015, Plaintiff filed a Charge of Discrimination with the EEOC (See Exhibit A, attached hereto).

22. On or about June 6, 2017, the EEOC issued Plaintiff a Right to Sue Letter. (See Exhibit B, attached hereto).

23. Plaintiff received that Right To Sue Letter on or about June 12, 2017.

## COUNT I

## The Americans with Disabilities Act, 42 U.S.C. § 12112 et seq.
### (Discrimination)

3

24. Plaintiff repeats and realleges Paragraphs 1-23, as though fully set forth herein, as Paragraphs 1-23 of Count I of this Complaint.

25. Plaintiff had an actual and/or perceived disability.

26. Prior to Defendant's discriminatory actions, Plaintiff met Defendant's legitimate expectations. She was not written up or counseled regarding her work performance.

27. Defendant discriminated against Plaintiff as set forth herein in this Complaint. Defendant stopped giving Plaintiff substantive assignments, and eventually stopped giving her any work assignments at all.

28. Similarly-situated, non-disabled employees were treated more favorably than Plaintiff, as they were not subjected to the adverse treatment outlined herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant violated Plaintiff's rights under the Americans with Disabilities Act, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

    A.    That this Honorable Court find that Defendant violated Plaintiff's rights under the Americans with Disabilities Act by discriminating against Plaintiff;

    B.    That this Honorable Court award Plaintiff money reasonably calculated to compensate his for all monetary, and non-monetary damages sustained as a result of the discrimination by Defendant;

    C.    That this Honorable Court award pre-judgment interest and costs;

    D.    That this Honorable Court award reasonable attorney's fees and costs; and

    E.    That this Honorable Court award such other and further relief as it may deem just and equitable.

4

Respectfully submitted,


By: /s/ Jemelle D. Cunningham
          Plaintiff's Attorney

Jemelle D. Cunningham
LAD LAW GROUP, P.C.
203 N. LaSalle Street, Suite 2100
Chicago, Illinois 60601
(312) 252-3085